UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN FIRST CREDIT UNION,

    Plaintiff,

vs.

                                            Case No. 05-CV-74423
                                            HON. GEORGE CARAM STEEH

CUMIS INSURANCE SOCIETY INC.,

    Defendant.

_____/

## ORDER GRANTING IN PART DEFENDANT'S MOTION TO TO DISMISS COUNT III (#3)

Defendant CUMIS Insurance Society, Inc. moves to dismiss Count III of plaintiff Michigan First Credit Union's ("MFCU") November 2, 2005 Complaint to the extent MFCU is alleging a separate claim under Michigan's Uniform Trade Practices Act ("UTPA"), M.C.L. § 500.2001, et seq.. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

MFCU alleges in its Complaint that it was insured under a $5.0 million bond issued by CUMIS. MFCU alleges three employees consciously disregarded an MFCU Indirect Lending Policy, causing MFCU to incur losses covered under the terms of the bond. Count I does not allege a claim for relief, but only general factual allegations. Count II alleges a claim of breach of contract based on CUMIS's denial of insurance coverage. Count III, titled "UNFAIR TRADE PRACTICES," alleges CUMIS "misrepresented material facts related to coverage at issue," "failed to acknowledge promptly or act reasonably and

promptly upon communications with respect to claims arising under the insurance policy," "failed to affirm or deny coverage within a reasonable period of time," "failed to attempt, in good faith, to effectuate prompt, fair and equitable settlement of claims in which liability has become reasonably clear," "delayed the investigation of payment of claims by requiring the insured to submit duplicative information and verification," and "failed to promptly settle claims under one portion of the policy where liability has become reasonably clear in order to influence settlements under other portions of the policy."   In the prayer for relief as to all claims, MFCU seeks damages "in an amount in excess of $25,000.00[,] 12% interest per year as additional damages for the unfair trade practices along with statutory interest, court costs and legal fees."

CUMIS moves to dismiss Count III because there is no cause of action for violation of the UTPA as a matter of Michigan law.  See The Society of St. Vincent De Paul v. Mt. Hawley Ins. Co., 49 F.Supp.2d 1011, 1020 (E.D. Mich. 1999).  MFCU concedes that a separate UTPA claim is not actionable, but correctly asserts that it may recover 12% penalty interest under M.C.L. § 500.2006(1)[1] of the UTPA upon proof that CUMIS failed to pay MFCU's insurance benefit claim when the claim was not "reasonably in dispute."  See Burnside v. State Farm Fire and Casualty Co., 208 Mich. App. 422, 431, 528 N.W.2d 749 (1995) (cited with approval in St. Vincent De Paul, 49 F.Supp.2d at 1020).

CUMIS is entitled to dismissal of Count III to the extent MFCU is alleging a separate

---

[1] "A person must pay on a timely basis to its insured . . . the benefits provided under the terms of its policy, or, in the alternative, the person must pay to its insured . . . 12% interest . . . on claims not paid on a timely basis. Failure to pay claims on a timely basis or to pay interest on claims . . . is an unfair trade practice unless the claim is reasonably in dispute."  M.C.L. § 500.2006(1).

cause of action under Michigan's UTPA. St. Vincent De Paul, 49 F.Supp.2d at 1020 (and Michigan cases cited therein); Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (holding that dismissal is appropriate under Rule 12(b)(6) if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"). At the same time, MFCU is entitled to seek 12% penalty interest under the UTPA as additional breach of contract damages. Burnside, 208 Mich. App. at 431. Accordingly,

Defendant CUMIS's motion to dismiss is hereby GRANTED, IN PART, to the extent Count III alleges a separate cause of action under the UTPA. CUMIS's motion to dismiss is hereby DENIED, IN PART, to the extent MFCU seeks 12% penalty interest under the UTPA as additional damages for breach of contract as alleged in Count II. Count III is hereby DISMISSED, but ONLY to the extent Count III alleges a cause of action. MFCU's factual allegations in Count III remain viable as they relate to proving liability for 12% penalty interest damages.

SO ORDERED.

        s/George Caram Steeh  
        GEORGE CARAM STEEH  
        UNITED STATES DISTRICT JUDGE

Dated: February 1, 2006

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on February 1, 2006, by electronic and/or ordinary mail.

        s/Marcia Beauchemin  
        Deputy Clerk