UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN FIRST CREDIT UNION,
a Michigan Credit Union,

        Plaintiff,

vs.

        Case No. 05-CV-74423
        HON. GEORGE CARAM STEEH

CUMIS INSURANCE SOCIETY, INC.,
a foreign corporation,

        Defendant.

_____/

<u>ORDER SUSTAINING DEFENDANT'S OBJECTIONS (#102)
TO NOVEMBER 29, 2006 ORDERS (#94, #95) AND SETTING ASIDE ORDERS
DENYING DEFENDANT'S MOTION TO COMPEL DISCOVERY OF REPORTS (#94),
GRANTING OFIS' MOTION FOR PROTECTIVE ORDER AS TO REPORTS (#95),
AND GRANTING OFIS' MOTION FOR PROTECTIVE ORDER AS TO FORMAL
RESPONSES (#95); AND GRANTING DEFENDANT'S MOTION TO COMPEL
DISCOVERY OF OFIS REPORTS (#74), DENYING OFIS' MOTION FOR
PROTECTIVE ORDER AS TO REPORTS (#84), AND DENYING OFIS' MOTION
FOR A PROTECTIVE ORDER AS TO FORMAL RESPONSES (#84)</u>

        Defendant Cumis Insurance Society, Inc. objects to Magistrate Judge R. Steven Whalen's November 29, 2006 Order denying in part Cumis' motion to compel discovery. Cumis also objects to the Magistrate Judge's separate November 29, 2006 Order granting in part intervenor Michigan Office of Financial and Insurance Services' (OFIS) motion for a protective order. For the reasons set forth below, Cumis' objections will be SUSTAINED.

**I. Background**

        In this lawsuit, plaintiff Michigan First Credit Union (MFCU) alleges certain MFCU loan officers consciously disregarded its own Indirect Lending Policy in 2003, causing

MFCU to incur losses on over 1600 loans insured by a $5.0 million bond issued by Cumis. MFCU alleges Cumis is liable for breach of contract for denying coverage under the bond, as well as for 12% penalty interest under Michigan's Uniform Trade Practices Act, M.C.L. § 500.2006(1).

Cumis' motion to compel discovery and OFIS's motion for a protective order relate to documents generated under the Michigan Credit Union Act (MCUA), M.C.L. §§ 490.101 et seq.. Under the MCUA, Michigan's Commissioner of OFIS is required to examine the condition and affairs of Michigan credit unions and determine whether the credit union transacts its business in a manner prescribed by law and the rules promulgated under law. M.C.L. § 490.207(1). The examination results are provided to a credit union as a "Report of Examination" (OFIS Report) and are based upon the credit union's own records and books, statements taken from credit union officers, directors, committee members, and employees, and other information. M.C.L. § 490.207(2-5). The OFIS Commissioner may require a credit union to submit a "reply" (Reply) to an OFIS Report. M.C.L. § 490.218(1). "The contents of a report of examination of a domestic credit union and examination-related documents prepared or obtained under this section remain the property of the commissioner." M.C.L. § 490.207(8).

Prior to filing suit on November 2, 2005[1], MFCU provided Cumis with OFIS Reports for the years 2001, 2002, and 2003, and with MFCU's 2003 Reply to the 2003 OFIS Report. During discovery, MFCU refused to provide Cumis with: (1) OFIS Reports for the years 2000, 2004, 2005, and 2006; (2) MFCU's Replies for the years 2000-2002 and 2004-2006;

---

[1] MFCU filed suit in state court. The action was removed to federal court on November 21, 2005 based on federal diversity jurisdiction, 28 U.S.C. § 1332.

and (3) unredacted MFCU committee meeting minutes and other factual materials related to the Reports and Replies. Cumis moved to compel disclosure of these materials, prompting OFIS to intervene and move for a protective order requiring Cumis to return the 2001, 2002, and 2003 OFIS Reports and 2003 Reply to OFIS, and to deny Cumis' motion to compel disclosure.

Following a November 29, 2006 hearing, the Magistrate Judge granted in part OFIS's motion for a protective order on concluding that the 2004, 2005, and 2006 OFIS Reports were not subject to disclosure because: (1) the federal common law bank examination privilege articulated in In re Bankers Trust Company, 61 F.3d 465 (6th Cir. 1995) applies by operation of Federal Rule of Evidence 501 to the conclusions, deliberative materials, opinions, and analyses set forth in the Reports; and (2) requiring OFIS to separate and disclose the non-privileged factual material within the Reports would be unduly burdensome and oppressive as envisioned under Federal Rule of Civil Procedure 26(c) considering MFCU is an alternate source for the same factual information. The Magistrate Judge also granted in part OFIS's motion for a protective order with respect to MFCU's 2000-2002 and 2004-2006 Replies on determining that the Replies could not be separated from their corresponding OFIS Reports, and that compelled disclosure would have a chilling effect upon the communications between OFIS examiners and credit unions, a factor to be considered in deciding whether to apply the federal bank examination privilege. Cumis' motion to compel disclosure of these same Reports and Replies was thus denied. The Magistrate Judge denied in part OFIS's motion for a protective order requiring Cumis to return the previously disclosed 2001, 2002, and 2003 OFIS Reports and 2003 Reply, noting that Cumis had relied on these materials in denying MFCU's claim for

coverage under the bond. The Magistrate Judge granted in part Cumis' motion to compel disclosure with respect to unredacted MFCU committee meeting minutes and other internal documents, and accordingly denied in part OFIS's motion for a protective order as to these same materials.

Cumis objects to the Magistrate Judge's rulings that the yet to be disclosed OFIS Reports and MFCU Replies are privileged documents, arguing that the federal common law bank examination privilege does not apply in this diversity action as a matter of law. Cumis argues that Michigan law is controlling, and that Michigan does not recognize a bank examination privilege, citing In re Culhane's Estate, 269 Mich. 68, 256 N.W. 807 (1934). Cumis continues that the MCUA does not create a statutory privilege of non-disclosure, but only confidentiality from extrajudicial disclosure. Cumis argues that a protective order sealing the Reports and Replies for use limited to this lawsuit would accomplish the goal of confidentiality. Cumis asserts in the alternative that, even if the qualified federal bank examination applies, the Magistrate Judge erred by failing to review each of the subject OFIS Reports and MFCU Replies in camera to determine whether they were predominated by discoverable factual material. Cumis maintains that the Magistrate Judge also abused his discretion under Rule 26(c) in entering a protective order because the OFIS Reports and MFCU Replies are not "confidential" as defined under Rule 26(c)(7), and because OFIS failed to show that the producing party – MFCU – would suffer an undue burden if required to produce redacted copies of the OFIS Reports and MFCU Replies.

OFIS responds that Cumis is attempting to obtain OFIS's analyses and conclusions as set forth in the 2004, 2005, and 2006 OFIS Reports, information the Magistrate Judge found to be privileged from disclosure under federal common law. OFIS contends that

Cumis should be estopped from arguing that state privilege law applies because the argument was not raised below. OFIS asserts that, even if the privilege issue is a matter of state law, the Reports and Replies are privileged from disclosure under Michigan's deliberative process privilege, citing Ostoin v. Waterford Twp. Police Dept., 189 Mich. App. 334, 471 N.W.2d 666 (1991). OFIS asserts that in camera review of the materials was unnecessary because the Magistrate Judge was given representative samples of the Reports. OFIS maintains that the Magistrate Judge did not err in granting relief under Rule 26(c)(1) governing privileged information considering the factual information in the OFIS Reports are available from MFCU. MFCU's response essentially takes issue with the relevance of the OFIS Reports.

In reply, Cumis argues that OFIS did not raise Michigan's deliberative process privilege below, and that the argument should not now be heard by this court. Cumis asserts that In re Culhane's Estate is controlling under Michigan law, and that the deliberative process privilege recognized in Ostoin creates a privilege as to inter-agency deliberations only, unlike the circumstances here involving OFIS's communications with a private credit union.

## II. Analysis

A district court shall consider objections to a magistrate judge's non-dispositive orders, and shall modify or set aside any portion of the orders found to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). A ruling is clearly erroneous if, upon review of the record, the district court is left with a definite and firm conviction that a mistake has been made. Patterson v. Heartland Industrial Partners, LLP, 225 F.R.D. 204, 205 (N.D.Ohio 2004) (quoting United States v. Hurst, 228 F.3d 751, 756

(6th Cir.2000)).

The Magistrate Judge's ruling that the federal bank examination privilege applies to the OFIS Reports and MFCU Replies pursuant is contrary to law. In diversity actions where the plaintiff seeks recovery under state law, as here, the question of privilege is governed by state law, and federal common law does not apply. Peterson v. Chesapeake & Ohio Railway Co., 112 F.R.D. 360, 362 (W.D. Mich. 1986) (citing Fed. R. Evid. 501; Somer v. Johnson, 704 F.2d 1473 (11th Cir. 1983); 4 Moore's Federal Practice, § 26.60[7] and n.20); Connolly Data Systems, Inc. v. Victor Technologies, Inc., 114 F.R.D. 89, 91 (S.D. Calif. 1987). The Magistrate Judge's reasoning for granting a protective order under Rule 26(c) was premised in part on the erroneous application of the federal common law bank examination privilege and a resulting undue burden upon OFIS and MFCU in distinguishing and disclosing factual materials within the OFIS Reports not covered by the federal privilege. Whether the OFIS Reports and MFCU Replies are privileged documents, however, is a question that must be decided under Michigan law. Peterson, 112 F.R.D. at 362; Connolly Data Systems, 114 F.R.D. at 91, Fed. R. Evid. 501.

Sitting in diversity, a federal district court is required to decide an issue of state law as would the highest court of the state. Combs v. International Ins. Co., 354 F.3d 568, 577 (6th Cir. 2004). An early Michigan statute requiring bank examiners to keep information they obtained "secret" was interpreted by the Michigan Supreme Court as not intended "to prevent testimony of state officers in the courts of the state under oath and upon due process." In re Culhane's Estate, 269 Mich. at 79. "The existence and scope of statutory privilege turns on the language and meaning of the statute itself." Howe v. Detroit Free Press, Inc., 440 Mich. 203, 211, 487 N.W.2d 374 (1992). As succinctly explained by then

Justice Boyle:

> . . . . Privilege is concerned with disclosure [of information] in court. Confidentiality is concerned with extrajudicial disclosures. Courts are not always careful to distinguish between privilege (the right to refuse to disclose information in response to judicial inquiry) and confidentiality (the right to prevent others from making extrajudicial disclosures).

Id. at 229 (Boyle, J., concurring in part and dissenting in part) (internal citations and quotations omitted).

The MCUA reads in pertinent part:

> The contents of a report of examination of a domestic credit union and examination-related documents prepared or obtained under this section remain the property of the commissioner. A person who disseminates all or part of a domestic credit union's report of examination <u>for purposes other than the legitimate business purposes of the domestic credit union</u> or as otherwise authorized by this act violates this act and is subject to the administrative remedies granted the commissioner under this part.

M.C.L. § 490.207(8) (emphasis added).

> The commissioner and all deputies, agents, and employees of the office of financial and insurance services <u>shall keep secret</u> all facts and information obtained in the course of their duties, <u>except if the person is required under law to report upon, take official action, or testify in any proceedings regarding the affairs of a credit union</u>. This subsection applies to all former commissioners, deputies, agents, and employees of the office of financial and insurance services.

M.C.L. § 490.205(1) (emphasis added).

The plain language and meaning of the MCUA does not express an intent to create a privilege of non-disclosure to judicial inquiry of OFIS Reports or credit union Replies. Prosecuting or defending a lawsuit certainly falls within "the legitimate business purposes" of a Michigan credit union. OFIS's duty to keep facts and information "secret" does not support a finding of statutory privilege. <u>In re Culhane's Estate</u>, 269 Mich. at 79. OFIS personnel are expressly relieved of their statutory duty of secrecy if they are required by

7

law to report or testify in judicial proceedings.  M.C.L. § 490.205(1).  This court is persuaded that, if faced with the issue, the Michigan Supreme Court would hold that OFIS Reports and credit union Replies are not subject to a statutory privilege of non-disclosure. Combs, 354 F.3d at 577.  Compare Howe, 487 Mich. at 212 (interpreting as privileged probation reports and records where statute expressly provides that such information "shall be privileged or confidential communications not open to public inspection.").  The court has found no Michigan authority interpreting the MCUA as providing a statutory privilege for OFIS Reports or credit union Replies.

Ostoin recognizes a deliberative-process privilege in Michigan which traces its origin to federal law outlining a privilege for "'confidential interagency advisory opinions,' based on a policy of 'open and frank discussion' concerning governmental action."  Ostoin, 189 Mich. App. at 337 (quoting Kaiser Aluminum & Chemical Corp. v. United States, 157 F. Supp. 939, 946 (Ct.Cl. 1958)).  "The purpose of the deliberative-process privilege is to foster freedom of expression *among* governmental employees involved in decision making and policy formulation."  Ostoin, 189 Mich. App. at 338 (emphasis added).  In Ostoin, the Michigan Court of Appeals applied the deliberative-process privilege to the defendant police department's internal affairs investigation file and the evaluative findings of the investigators.  Id. at 338.

As Cumis points out, the OFIS Reports and Replies are not documents internal to the OFIS used to express opinions and evaluations among OFIS personnel regarding OFIS policy or contemplated action.  OFIS Reports are issued to private credit unions such as MFCU.  Replies are generated by the private credit unions themselves. The MCUA permits dissemination of OFIS Reports by private credit unions for legitimate business purposes.

M.C.L. § 490.207(8). In that the OFIS Reports and MFCU Replies are not interagency opinions or deliberations of the OFIS as among OFIS employees, the court is convinced that the Michigan Supreme Court would find that OFIS Reports and credit union Replies are not subject to the deliberative-process privilege. Combs, 354 F.3d at 577. The court has found no Michigan authority holding that the deliberative-process privilege applies to agency reports that are provided to private entities.

Applying Michigan law, the court concludes the subject OFIS Reports and MFCU Replies are not privileged documents. "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). The court is not persuaded at this time that the OFIS Reports and MFCU Replies are wholly without relevance.

OFIS's argument that the court should not address the issue of whether state or federal law is controlling because Cumis did not raise the issue before the Magistrate Judge is not well taken. Cumis expressly raised the issue in its November 20, 2006 Response to OFIS's motion for a protective order:

> The issue of whether the Exam Reports and Response are discoverable is a pure issue of state law that is governed by the Michigan Credit Union Act. . . . .

Cumis' November 20, 2006 Response, at 7. The issue of whether Michigan or federal law applies has not been raised de novo to this court. Compare Paterson-Leitch Co., Inc. v. Mass. Municipal Wholesale Elec. Co., 840 F.2d 985, 990-91 (1st Cir. 1988). The parties have taken the opportunity to brief their respective positions on the issue before the Magistrate Judge and this court. Reviewing the entire record, the parties arguments regarding the Michigan statutory law and the federal common law tended to confuse the

9

issue to be decided by the Magistrate Judge. However, the court is left with a definite and firm conviction that a mistake was made; the OFIS Reports and MFCU Replies are not privileged documents and thus, OFIS and MFCU will suffer no undue burden or oppression in disclosing the documents to Cumis.

The court is persuaded, and Cumis concedes, that a protective order is required to protect from extrajudicial disclosure confidential information that may be gleaned from the OFIS Reports and MFCU Replies. The court is empowered under Rule 26(c)(2) to order that disclosure of the OFIS Reports and MFCU Replies to Cumis be made under two conditions: (1) that the OFIS Reports and MFCU Replies be used only in the context and for the purposes of this lawsuit, and be disclosed only to attorneys, attorneys' employees and agents, witnesses (including expert witnesses) and others directly involved in this lawsuit; and (2) if any or a portion of an OFIS Report or MFCU Reply is submitted as an exhibit to a motion or other pleading filed with the court, or referenced in a deposition transcript that is submitted as an exhibit, or otherwise substantially referenced in a pleading, such exhibit or pleading shall be filed under seal.

### III. Conclusion

Cumis' objections are hereby SUSTAINED. Accordingly,

IT IS ORDERED that the November 29, 2006 Order Granting in Part and Denying in Part Defendant's Motion to Compel Discovery is hereby SET ASIDE to the extent that paragraph 1 ONLY, denying Cumis' motion to compel discovery of the OFIS Reports for 2004, 2005, and 2006[2] is hereby SET ASIDE, and AMENDED to reflect that Cumis' motion

---

[2] The Magistrate Judge's analysis, and the parties arguments below, included the OFIS Report for the year 2000. The November 29, 2006 Orders did not expressly reference this Report, and therefore the court does not include the 2000 OFIS Report in the

10

to compel discovery of the OFIS Reports for 2004, 2005, and 2006 is hereby GRANTED. The November 29, 2006 Order Granting in Part and Denying in Part Intervenor's Motion for Protective Order is hereby SET ASIDE to the extent that paragraphs 1 and 2 ONLY, ordering that the OFIS Reports for 2004, 2005, and 2006 and the MFCU Replies for the years 2000-2002 and 2004-2006 are not subject to disclosure, are hereby SET ASIDE and AMENDED to reflect that OFIS's motion for a protective order is hereby DENIED as to the OFIS Reports for 2004, 2005, and 2006 and the MFCU Replies for the years 2000-2002 and 2004-2006, subject to the conditions that: (1) the OFIS Reports and MFCU Replies shall be used only in the context and for the purposes of this lawsuit, and may be disclosed only to attorneys, attorneys' employees and agents, witnesses (including expert witnesses) and others directly involved in this lawsuit; and (2) if any or a portion of the OFIS Reports or MFCU Replies are submitted as an exhibit to a motion or other pleading filed with the court, or referenced in a deposition transcript that is submitted as an exhibit, or otherwise substantially referenced in a pleading, such exhibits or pleadings shall be filed under seal. The November 29, 2006 Orders as amended herein remain without prejudice to any motion in limine seeking to limit the use of the OFIS Reports and MFCU Replies at trial.

    SO ORDERED.

Dated:  March 14, 2007

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

now amended Order.  If the 2000 OFIS Order still remains a subject of dispute, the parties are strongly encouraged to proceed consistent with the analysis set forth herein.

**CERTIFICATE OF SERVICE**

Copies of this Order were served upon attorneys of record on March 14, 2007, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk