UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MICHIGAN FIRST CREDIT UNION,

        Plaintiff,

                                       Case No. 05-CV-74423
vs.                                   HON. GEORGE CARAM STEEH


CUMIS INSURANCE SOCIETY INC.,

        Defendant.

_____/

ORDER OVERRULING CUMIS'S OBJECTION (#149) TO
MAGISTRATE JUDGE'S MAY 4, 2007 ORDER

      Defendant CUMIS Insurance Society, Inc. objects to that part of Magistrate Judge

R. Steven Whalen's May 4, 2007 Order granting plaintiff Michigan First Credit Union's

("MFCU") motion to compel a response to Request No. 14 of MFCU's Third Set of

Requests to Produce[1]:

> 14.  To the extent not previously produced, please produce all documents as
> that term is defined herein responsive to Michigan First's First Amended
> Request for Production of Documents, Michigan First's Second Set of
> Requests for Production of Documents, and Michigan First's Supplemental
> Request for Production of Documents.

Cumis responded to Request No. 14:

> RESPONSE: Cumis objects to this request on the grounds that it is vague,
> overbroad, and unduly burdensome.  Subject to and without waiving these
> objections, to the extent Michigan First contends that Cumis' prior document
> productions are in any way deficient, Cumis will address any alleged

---

[1]   In this lawsuit, MFCU alleges Cumis is liable under a $5.0 million bond for losses
MFCU incurred after certain MFCU loan officers consciously disregarded a 2003 lending
policy.

deficiency at the time Michigan First specifically identifies it.

Cumis objects that Magistrate Judge Whalen's order compelling Cumis to respond to Request No. 14 is unreasonable and improper because it requires Cumis to revisit every previous document request made by MFCU absent any showing by MFCU of a prior deficient response. Cumis argues that, at minimum, the order should be modified to reflect that Cumis is only required to review its computer systems to determine whether any electronic documents are responsive to MFCU's prior document requests, and that Cumis is only required to produce previously undisclosed responsive electronic documents subject to Cumis' prior objections. Cumis further asserts that Magistrate Judge Whalen should have ignored MFCU's arguments relative to Request No. 14 as they were first raised in MFCU's reply brief.

A district court shall consider objections to a magistrate judge's non-dispositive orders, and shall modify or set aside any portion of the orders found to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). A ruling is clearly erroneous if, upon review of the record, the district court is left with a definite and firm conviction that a mistake has been made. Patterson v. Heartland Industrial Partners, LLP, 225 F.R.D. 204, 205 (N.D.Ohio 2004) (quoting United States v. Hurst, 228 F.3d 751, 756 (6th Cir.2000)).

In responding to Cumis's objection, MFCU explains that it served Request No. 14 upon Cumis as a response to the December 1, 2006 changes to the Federal Rules of Civil Procedure specifically requiring the production of "electronically stored information." See Fed. R. Civ. P. 34(a). The term "documents" is defined within the February 7, 2007 Third Set of Requests to Produce:

5. "Document(s)" means all materials within the full scope of Rule 34 of the FRCP including but not limited to: any written, printed, typed or other graphic or photographic matter of any nature, any and all data or information stored on computer-readable media, such a electro-magnetic or other disks, diskettes, hard drive disks, tapes, cartridges and CD-ROM, and any audio or video recording in your possession, custody or control, or known by you to exist or to have existed. In addition, the term "document" shall have its customary and broad meaning and include the following items, whether originals or copies: writings, drawings, graphs, charts, photographs, tape or video recordings, e-mails, other electronic or computerized data compilations (such as computer stored data, electronic data, documents, file or document directories, diskettes, e-mail and the like) from which information may be obtained, translated, if necessary, by you through detection services into a reasonable usable form, correspondence, records, schedules, tables, reports, memoranda, notes, letters, telegrams, invoices, order forms, checks, check registers or stubs, financial statements, tax returns, messages (including reports of telephone conversations or conferences), minutes, interoffice communications, photographs and all other written or printed material of any kind. A draft of a non-identical copy is a separate document within the meaning of this term. All copies of documents containing alterations, annotations, or that differ in any other way from the originals or copies.

In contrast, MFCU's prior January 3, 2007 Supplemental Request for Productions defined "documents" as including:

. . . all punch cards, tapes, discs, or records used in electronic data processing, together with the programming instructions and other written materials necessary to understand or use such punch cards, tapes, discs or other records, and further includes data, or data compilation in electronic or other form that can be printed out or reproduced to readable or usable form through proper programming or decoding of the electronic or mechanical data storage facility.

Cumis has failed to persuade the court that Magistrate Whalen's May 4, 2007 Order compelling Cumis to respond to Request No. 14 is clearly erroneous or contrary to law. Federal Rule of Civil Procedure 34 now specifically requires the disclosure of "electronically stored information" such as e-mails, a request for disclosure now clarified by the more expansive Request No. 14. Request No. 14 expressly seeks disclosure only "[t]o the extent

not previously produced." Cumis's argument that MFCU should be required to initially show a deficient response is legally unsupported, and necessarily presumes that MFCU would or should know that Cumis now possesses "electronically stored information" that was previously outside the boundaries of Rule 34 and MFCU's narrower document requests. Cumis also does not dispute that it owes an independent duty under the Federal Rules to seasonably supplement discovery. <u>See</u> Fed. R. Civ. P. 26(e)(2). Read in context, Magistrate Judge Whalen's May 4, 2007 Order does not override all of Cumis's previously sustained objections to document discovery requests. Neither does MFCU advance such an interpretation. Cumis was given the opportunity to advance its objections to MFCU's reply-brief arguments before this court, and has failed to demonstrate that Judge Whalen's ultimate decision was clearly erroneous or contrary to law. This court is not left with a definite and firm conviction that a mistake has been made. Accordingly,

Cumis's objection is hereby OVERRULED.

SO ORDERED.

Dated: July 9, 2007

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 9, 2007, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

---

4