```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
                         SOUTHERN DIVISION
```

MICHIGAN FIRST CREDIT UNION,

       Plaintiff,

                                        Case No. 05-CV-74423
vs.                                HON. GEORGE CARAM STEEH

CUMIS INSURANCE SOCIETY INC.,

       Defendant.

_____/

## ORDER DENYING CUMIS' MOTION TO BIFURCATE TRIAL (#150)

Defendant CUMIS Insurance Society, Inc. moves to bifurcate trial as to plaintiff Michigan First Credit Union's ("MFCU") breach of contract claim under a $5.0 million Credit Union Bond, and MFCU's demand for 12-percent penalty interest under Michigan's Uniform Trade Practices Act (MUTPA), M.C.L. § 500.2006(1). Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

This lawsuit was removed to federal court on November 21, 2005. MFCU alleges that Cumis is liable for coverage under the terms of the Credit Union Bond because an MFCU Vice President and two MFCU employees "consciously disregarded the credit union's established Indirect Lending Program" in 2003 with respect to approximately 1,600 non-performing motor vehicle loans. Complaint, ¶¶ 10, 12, at 2-3. According to Cumis, the Bond provides coverage for losses "resulting directly from a named 'employee's' 'failure to faithfully perform his/her trust,'" which "means acting in conscious disregard of [MFCU's] established and enforced share, deposit or lending policies." See Cumis May 25, 2007 Motion Brief, at 4. According to MFCU, Cumis denied coverage under the terms of the Bond on the grounds that the loan losses resulted from insufficient "policies and procedures

in place at the [MFCU] Board level to support the Program from its inception," and because there was insufficient evidence to conclude that the three MFCU employees "were jointly or individually making conscious decisions to circumvent an established policy." See MFCU June 8, 2007 Response Brief, at 4-5.

MFCU's complaint alleges breach of contract in Count II, and MUTPA liability for damages and 12-percent penalty interest in Count III[1]. On February 1, 2006, the court granted in part Cumis' motion to dismiss the MUTPA cause of action while recognizing MFCU's right to seek recovery of 12-percent penalty interest under M.C.L. § 500.2006(1) as additional contract damages. Both parties have filed jury demands as to the breach of contract claim. In contrast, the decision whether to award penalty interest under M.C.L. § 500.2006(1) is an issue of law for the court decide. All American Life & Cas. Co. v. Oceanic Trade Alliance Council Intern., Inc., 756 F.2d 474, 482 (6th Cir.1985). Statutory penalty interest is recoverable upon proof that the insurer failed to pay an insurance benefit claim when the claim was not "reasonably in dispute." Burnside v. State Farm Fire and Casualty Co., 208 Mich. App. 422, 431, 528 N.W.2d 749 (1995).

> . . . . The statute is intended to provide a penalty to be assessed against recalcitrant insurers who procrastinate or are dilatory in paying meritorious claims in bad faith. This statute evinces an intent to compensate a plaintiff for the delay in recovering funds rightfully his or hers.

Id. at 431 (internal citation omitted).

Cumis moves to bifurcate the breach of contract jury trial from the statutory interest bench trial. Cumis asserts that the breach of contract jury trial will focus on evidence of MFCU's conduct and whether MFCU's losses resulted from an employee's conscious disregard of MFCU established policies, while the statutory interest bench trial will focus on evidence of Cumis' conduct and whether MFCU's insurance claim "was reasonably in

---

[1] Count I titled "General Allegations" did not allege a claim for relief.

dispute."  Cumis argues that bifurcating the trials is a more efficient use of judicial resources because evidence of Cumis' alleged "bad faith," relevant to the penalty interest claim, is generally irrelevant and unduly prejudicial with respect to the breach of contract claim.  Cumis also points out that the statutory interest bench trial would be unnecessary if Cumis prevails at the initial breach of contract trial.  Cumis maintains that conducting a separate breach of contract trial would promote: the convenience of the parties and witnesses; expedition of this lawsuit; judicial economy; a separation of substantially different evidence and issues to be tried by a jury and the court; the elimination of irrelevant, prejudicial, and confusing information being placed before the jury and a resulting unfair advantage for MFCU, and; a greater incentive for the parties to explore settlement.

Federal Rule of Civil Procedure 42(a) authorizes a district court to order a separate trial of any claim or separate issue in furtherance of convenience, to avoid prejudice, or to promote interests of expedition and economy.  Whether to order separate trials is within the district court's discretion.  In re Bendectin Litigation, 857 F.2d 290, 307 (6th Cir. 1988). "The principal purpose of the rule is to enable the trial judge to dispose of a case in a way that both advances judicial efficiency and is fair to the parties."  Id.

> Factors to be considered include (1) convenience; (2) prejudice; (3) expedition; (4) economy; (5) whether the issues sought to be tried separately are significantly different; (6) whether they are triable by jury or the court; (7) whether discovery has been directed to a single trial of all issues; (8) whether the evidence required for each issue is substantially different; (9) whether one party would gain some unfair advantage from separate trials; (10) whether a single trial of all issues would create the potential for jury bias or confusion; and (11) whether bifurcation would enhance or reduce the possibility of a pretrial settlement.

THK America, Inc. v. NSK Co., Ltd., 151 F.R.D. 625, 632 (N.D. Ill. 1993).  "Ultimately, the decision whether to bifurcate is a practical one."  Id. at 633.

The court is not persuaded that bifurcation would further judicial efficiencies,

convenience, or expedition of this matter, or promote an avoidance of undue prejudice or a fairer disposition of the issues.  Evidence regarding the nature and existence of "established and enforced . . . lending policies" at MFCU is relevant to both the breach of contract claim and the statutory penalty interest claim.  MFCU's proffering of evidence that MFCU adopted and enforced clear objective lending policies in 2003, along with clear objective evidence that three MFCU employees unfaithfully disregarded those polices, would tend to make it more likely than not that Cumis breached the parties contract *and* failed to pay MFCU's claims when the claims were not "reasonably in dispute."  Likewise, witnesses testifying regarding the nature and existence of MFCU lending policies, whether those polices were "established and enforced," or whether MFCU employees disregarded the policies, would be inconvenienced by the possibility of having to testify on on two separate occasions if Cumis' motion to bifurcate is granted. The admissibility of evidence on the breach of contract issues and the statutory interest issues will depend upon more than whether the evidence focuses on MFCU's conduct or Cumis' conduct.  Rather than conduct two trials based on generalized evidentiary concerns, the more efficient and effective approach is to conduct a single trial at which *specific* evidentiary issues may be raised and addressed by the court from both the bench and in appropriate jury instructions.

The more expedient, efficient, and practical approach in addressing the possibility that Cumis may prevail on the breach of contract claim and eliminate the need for a court ruling on statutory interest is to present all of the evidence at one trial given the equal possibility that MFCU may prevail on its breach of contract claim.  The parties have conducted extensive discovery regarding both the breach of contract claim and MFCU's claim for 12% penalty interest under M.C.L. § 500.2006(1), and this all inclusive discovery approach lends itself to an all inclusive trial.  Bifurcating the trials is unlikely to enhance the possibility of a pretrial settlement. Cumis could gain an unfair settlement advantage by

4

withholding any offer directed at MFCU's demand for penalty interest until Cumis first learns from a jury whether Cumis breached the Bond conditions.

To conclude, the court finds that convenience, elimination of potential prejudice, expedition of this lawsuit, judicial economy, the issues to be tried before this court and the jury, discovery directed at a single trial of all issues, the overlap of evidence going to the breach of contract claim and "bad faith" claim, a potential unfair settlement advantage arising from separate trials, the availability of jury instructions and court rulings on specific evidentiary issues presented at a single trial, and an enhancement of the possibility of a pretrial settlement all favor a single trial. Accordingly,

Cumis' motion to bifurcate trial is hereby DENIED.

SO ORDERED.

Dated: July 24, 2007

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 24, 2007, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

---