UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN FIRST CREDIT UNION,     Civil Case No. 05-74423

        Plaintiff,

                                    Honorable George Caram Steeh
v.                                           United States District Judge

CUMIS INSURANCE SOCIETY, INC.     Honorable R. Steven Whalen
                                                        United States Magistrate Judge

        Defendant.
_____/

**OPINION AND ORDER DENYING SANCTIONS**

Before the Court is Plaintiff's Motion for Sanctions for Failure to Comply with Court Order to Produce Electronically Stored Information [Docket #166]. For the reasons set forth below, the motion is DENIED.

**I.    FACTS**

On May 4, 2007, this Court entered an order granting Plaintiff's motion to compel discovery, and directing Defendant to supplement its responses to Plaintiff's third set of production requests, specifically with regard to electronically stored documents (Request #14). At the hearing on May 2, 2007, the Court stated:

> "The defendant will also supplement any previously answered requests, including supplementing with any electronically stored documents, including E-mails or any other electronically stored documents that would be responsive, and that the–the responses and the supplementation to the third set of requests will be done within twenty-one days of today's date, and I will issue an order

incorporating those parameters that I've made on the record."

These comments were incorporated in the written order filed on May 4, 2007 ("For the reasons and under the terms stated on the record on May 2, 2007...").

Defendant filed an objection to this Order. The District Judge overruled Defendant's Objection by written order dated July 9, 2007. However, Defendant states that it "complied with the Court's May 4, 2007 Order on June 20, 2007 and made a supplemental document production (including voluminous electronic records) and served supplemental responses, before Judge Steeh ruled on Cumis' objections." *Joint List of Unresolved Issues*, p. 3.

The issue in the present motion is whether Defendant is in violation of this Court's May 4th order because its supplemental disclosures, many of which were produced on CD-ROMs in readable PDF form, do not include "metadata," nor have they been provided in "native format." In its initial timely objections to Plaintiff's third set of production requests, Defendant objected to the request that it produce records "as they are maintained in the ordinary course of business in their 'native format,' along with the intact metadata." Specifically, Defendant objected to the request as "unduly burdensome" and "impos[ing] obligations on Cumis beyond those permissible under the Federal Rules of Civil Procedure."

At the oral argument on this motion on August 14, 2007, the Court stated that its previous discovery order did not address the question of "metadata," and directed the parties to brief that issue.[1]

---

[1] Judge Steeh's July 9, 2007 order rejected Defendant's argument that before supplementing discovery, Plaintiff "should be required to initially show a deficient

## II. ANALYSIS

Metadata has been defined as "information about a particular data set which describes how, when, and by whom it was collected, created, accessed, or modified and how it was formatted." *Williams v. Sprint/United Management Co.*, 230 F.R.D. 640, 646 (D. Kan. 2005) (quoting Appendix F to *The Sedona Guidelines: Best Practice Guidelines and Commentary for Managing Information & Records in the Electronic Age*). Attached to Defendant's supplemental brief in opposition [Docket #191] is the affidavit of Deborah Niemisto, Cumis's Senior Manager in Information Security Assurance, who defines metadata as "'data about data,' and can be found in various 'fields' when looking at the properties of a particular electronic document. The selection and arrangement of these 'fields' are generally made by the creator of the application."

Although Rule 34 speaks of "data compilations," it does not explicitly reference or require the production of metadata. The Rule does indicate that a request for electronic discovery may specify the form of production, and that if a particular form is not specified, information must be produced "either in a form or forms in which it is ordinarily maintained, or in a form or forms that are reasonably usable." Rule 34 (b)(ii).

In this case, Plaintiff requested that "[a]ll electronically stored documents shall be produced as they are maintained in the ordinary course of business in their 'native format,'

---

response." However, although this order affirmed my order directing supplementation with electronically stored documents now falling within the revised Fed.R.Civ.P. 34, neither order specifically addressed the question of whether the production of "metadata" was required.

along with the intact metadata." As indicated above, Defendant objected to this request, and the Court has not, up to this point, addressed the discoverability of metadata.

In *Wyeth v. Impax Laboratories, Inc.*, 2006 WL 3091331, *2 (D.Del. 2006)(unpublished), the court stated that "[m]ost metadata is of limited evidentiary value, and reviewing it can waste litigation resources." (Citing *Williams v. Sprint, supra*, 230 F.R.D. at 651). Likewise, the Eastern District of Kentucky stated in *Kentucky Speedway, LLC v. NASCAR, Inc.*, 2006 U.S. Dist LEXIS 92028, *24 (E.D. Ky. 2006), "In most cases and for most documents, metadata does not provide relevant information." In *Williams v. Sprint*, 230 F.R.D. at 651, the court noted that "[e]merging standards of electronic discovery appear to articulate a general presumption against the production of metadata[.]"

In this case, Plaintiff has expressed a concern that, particularly with regard to emails, the metadata might contain relevant information about who composed or received the message that might not appear in the PDF or hard copy. However, the affidavit of Deborah Niemisto answers that concern, and also shows that ordering Defendant to produce metadata would be extremely burdensome, with no countervailing discovery or evidentiary benefit to the Plaintiff.

Ms. Niemisto states that Cumis stores information in three electronic formats: APEX files, Lotus Notes (email), and Microsoft Office files. She affirmatively states that APEX was "custom created" for use by CUMIS for policy and claims management, and does not generate metadata. Thus, with regard to APEX files, the issue is moot: Defendant cannot produce what does not exist.

With regard to Lotus Notes email messages, Ms. Niemisto states that they "contain only a small amount of metadata. This includes the date and time of the creation of the message file, as well as a long string of characters that serves as a unique identifier for each message." She further states that she has reviewed the screen-shots of the email message produced for Plaintiff, and that "[a]ll metadata pertaining to the individual messages, except for the unique identifier referred to in the above paragraph is visible on these printouts." Hence, except for an "identifier" that would have no evidentiary value, the relevant metadata (such as date and time of creation) appears in the PDF copy. Were this not the case, there would be value in producing the metadata. However, since the PDF copies contain all the relevant information that Plaintiff would otherwise glean from the metadata, I agree with Defendant that producing the metadata for the emails would be unduly burdensome.

Ms. Niemisto states that in the ordinary course of business, documents generated by Microsoft Office are kept in paper form. (This is the form which Defendant has produced to Plaintiff). She states further that producing the metadata for these documents would consume substantial resources. The substantive information contained in Microsoft Office documents speaks for itself, and is reflected in the discovery that has already been provided to Plaintiff. Given the admonitions of *Williams v. Sprint, Wyeth, and Kentucky Speedway, supra*, regarding the relative lack of worth of metadata, and the lack of any showing by Plaintiff that the metadata underlying Microsoft Office documents would be likely to lead to the discovery of relevant evidence, I agree with Defendant that the production of this metadata would be overly burdensome with no corresponding evidentiary value.

## III. CONCLUSION

Because this Court's order of May 4, 2007 did not address the issue of metadata or "native format" files, it cannot be said that Defendant's failure to produce that information is a violation of that order. Therefore, there is no basis to sanction the Defendant. Further, having now read the submissions and heard the arguments of the parties, the Court finds, for the reasons stated above, that Defendant's objections to the production of metadata are well founded, and the May 4, 2007 order shall be clarified to reflect that Defendant shall not be required to produce its electronically stored documents in "native format" or to produce metadata.

Plaintiff's Motion for Sanctions [Docket #166] is DENIED.

SO ORDERED.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: November 16, 2007

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on November 16, 2007.

S/Gina Wilson
Judicial Assistant