UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN FIRST CREDIT UNION,

    Plaintiff,

vs.

Case No. 05-CV-74423
HON. GEORGE CARAM STEEH

CUMIS INSURANCE SOCIETY, INC.,
A foreign, corporation,

    Defendant.

_____/

ORDER OVERRULING PLAINTIFF'S OBJECTIONS (#225)
TO MAGISTRATE JUDGE'S JANUARY 24, 2008 ORDER (#220)
DENYING PLAINTIFF'S MOTION FOR AN ORDER FINDING
PLAINTIFF IS ENTITLED TO TAKE THE DEPOSITION OF WANDA MARSHALL

Plaintiff Michigan First Credit Union (MFCU) objects to Magistrate Judge R. Steven Whalen's January 24, 2008 Order denying MFCU's motion for a court order finding MFCU is entitled to subpoena Wanda Marshall of the Michigan Office of Financial and Insurance Services (OFIS) to appear for deposition. Oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the objections be resolved without oral argument.

MFCU sought to depose Marshall for the purpose of gaining confirmation from non-party OFIS of the efforts made in collecting information in preparing OFIS Reports, and inquiring into the qualifications of OFIS examiners. As explained in this court's prior March 14, 2007 Order:

> . . . . Under [the the Michigan Credit Union Act , M.C.L. §§ 490.101 et seq.], Michigan's Commissioner of OFIS is required to examine the condition and affairs of Michigan credit unions and determine whether the credit union transacts its business in a manner prescribed by law and the rules promulgated under law. M.C.L. § 490.207(1). The examination results are

> provided to a credit union as a "Report of Examination" (OFIS Report) and are based upon the credit union's own records and books, statements taken from credit union officers, directors, committee members, and employees, and other information. M.C.L. § 490.207(2-5). The OFIS Commissioner may require a credit union to submit a "reply" (Reply) to an OFIS Report. M.C.L. § 490.218(1). "The contents of a report of examination of a domestic credit union and examination-related documents prepared or obtained under this section remain the property of the commissioner." M.C.L. § 490.207(8).

In moving for a court order finding that MFCU is entitled to subpoena Marshall, MFCU argued that documentary evidence previously provided to MFCU by OFIS failed to provide sufficient factual information regarding OFIS's investigation of MFCU, warranting Marshall's deposition. MFCU contends that Marshall is the OFIS official with the most experience investigating MFCU. MFCU argues that it will be unfairly prejudiced if defendant CUMIS is permitted to admit OFIS reports critical of MFCU into evidence without the opportunity to depose Marshall. Magistrate Judge Whalen denied MFCU's motion for the reasons stated on the record at a January 24, 2008 hearing. See January 24, 2008 Order. MFCU objects on the basis of the broad scope of discovery, citing Horsewood v. Kids "R" Us, 97-2441, 1998 WL 526589 (D. Kan. Aug. 13, 1998) (unpublished) for the proposition that protective orders totally prohibiting a deposition should be granted only in exceptional circumstances.

A district court shall consider objections to a magistrate judge's non-dispositive order, and shall modify or set aside any portion of such order found to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). A ruling is clearly erroneous if, upon review of the record, the district court is left with a definite and firm conviction that a mistake has been made. Patterson v. Heartland Industrial Partners, LLP, 225 F.R.D. 204, 205 (N.D.Ohio 2004) (quoting United States v. Hurst, 228 F.3d 751, 756 (6th Cir.2000)).

The scope of discovery is in the sound discretion of the trial court. Emmons v. McLaughlin, 874 F.2d 351, 356 (6th Cir. 1989). Whether to issue a protective order

forbidding certain discovery is likewise for the district court's discretion. Coleman v. American Red Cross, 979 F.2d 1135, 1139 (6th Cir. 1992). An abuse of discretion exists if a decision is based on an erroneous conclusion of law, the findings are clearly erroneous, or the decision is clearly arbitrary or unreasonable. Youn v. Track, Inc., 324 F.3d 409, 420 (6th Cir. 2003).

MFCU has failed to meet its burden of demonstrating that Magistrate Judge Whalen's decision is clearly erroneous or contrary to law. Magistrate Judge Whalen enjoyed discretion under law to deny MFCU's motion. Emmons, 874 F.2d at 356; Coleman, 979 F.2d at 1139. Without the January 24, 2008 hearing transcript containing Magistrate Judge Whalen's reasoning, the court is unable to conclude that Magistrate Judge Whalen clearly abused his discretion. The response to MFCU's objection filed by OFIS suggests that Magistrate Judge Whalen found the deposition would be cumulative given the documentary evidence previously provided to MFCU by OFIS. The unpublished Kansas District Court decision falls short of demonstrating that Magistrate Judge Whalen's decision is arbitrary or unreasonable, particularly when considering the decision is not reviewed by this court de novo. Fed. R. Civ. P. 72(a); Patterson, 225 F.R.D. at 205. The court is not left with a definite and firm conviction that a mistake has been made. Id. Accordingly,

Plaintiff MFCU's objections are hereby OVERRULED.

SO ORDERED.

Dated: July 14, 2008

                                                  s/George Caram Steeh
                                                  GEORGE CARAM STEEH
                                                  UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 14, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk