`                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
                          SOUTHERN DIVISION


MICHIGAN FIRST CREDIT UNION,

            Plaintiff,

                                            Case No. 05-CV-74423
vs.                                         HON. GEORGE CARAM STEEH


CUMIS INSURANCE SOCIETY, INC.,

            Defendant.

_____/

              ORDER OVERRULING PLAINTIFF'S OBJECTIONS (#209 )
              TO MAGISTRATE JUDGE'S NOVEMBER 16, 2007 ORDER (#208)
              DENYING PLAINTIFF'S MOTION FOR SANCTIONS FOR FAILURE TO
              COMPLY WITH MAGISTRATE JUDGE'S MAY 4, 2007 ORDER

       Plaintiff Michigan First Credit Union (MFCU) objects to Magistrate Judge R. Steven

Whalen's November 16, 2007 Order denying MFCU's July 17, 2007 motion for discovery

sanctions. Oral argument would not significantly aid the decisional process. Pursuant to

E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the objections be resolved without oral

argument.

       Magistrate Judge Whalen entered a May 4, 2007 Order granting plaintiff MFCU's

motion to compel discovery, directing defendant CUMIS to respond to MFCU's third set of

production requests relative to electronically stored documents. See July 7, 2007 Order

Overruling CUMIS's Objection to Magistrate Judge's May 4, 2007 Order. MFCU filed its

third set of production requests due to December 1, 2006 changes in Federal Rule of Civil

Procedure 34(a), specifically requiring disclosure of "electronically stored data." Id. at 2.

CUMIS's objections to Magistrate Judge Whalen's May 4, 2007 order were overruled by this court on July 7, 2007.  Id.

Ten days later, on July 17, 2007, MFCU filed a motion for sanctions arguing CUMIS failed to comply with the Magistrate Judge's May 4, 2007 Order requiring supplemental disclosure of electronically stored documents.  MFCU sought sanctions including entry of CUMIS's default under Rule 37(b)(2)(C), and dismissal of all of CUMIS's defenses.  Magistrate Judge Whalen issued a November 16, 2007 Order denying MFCU's motion for sanctions finding that CUMIS's failure to provide supplemental electronic document disclosures in "native format" along with "metadata" did not violate the May 4, 2007 Order because the court had not previously addressed these issues.  Magistrate Judge Whalen noted that Rule 34 refers only to "data compilations."  Magistrate Judge Whalen relied on the attestations of CUMIS Information Security Assurance Senior Manager Deborah Niemisto in determining that requiring CUMIS to produce metadata would be overly burdensome and of no corresponding evidentiary value.

> Because this Court's order of May 4, 2007 did not address the issue of metadata or "native format" files, it cannot be said that Defendant's failure to produce that information is a violation of that order.  Therefore, there is no basis to sanction the Defendant.  Further, having now read the submissions and heard the arguments of the parties, the Court finds, for the reasons stated above, that Defendant's objections to the production of metadata are well founded, and the May 4, 2007 order shall be clarified to reflect that Defendant shall not be required to produce its electronically stored documents in "native format" or to produce metadata.

Magistrate Judge's November 16, 2007 Order, at 6.  MFCU objects to the denial of sanctions and to the clarification that CUMIS is not required to produce electronically stored documents in "native format" or to produce metadata.

A district court shall consider objections to a magistrate judge's non-dispositive

order, and shall modify or set aside any portion of such order found to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). A ruling is clearly erroneous if, upon review of the record, the district court is left with a definite and firm conviction that a mistake has been made. Patterson v. Heartland Industrial Partners, LLP, 225 F.R.D. 204, 205 (N.D.Ohio 2004) (quoting United States v. Hurst, 228 F.3d 751, 756 (6th Cir.2000)). Whether and to what extent discovery sanctions are warranted are for the court to decide in its discretion. National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642 (1976); Harmon v. CSX Transportation, Inc., 110 F.3d 364, 366 (6th Cir. 1997). The scope of discovery is likewise entrusted to the trial court's discretion. Emmons v. McLaughlin, 874 F.2d 351, 356 (6th Cir. 1989).

Magistrate Judge Whalen did not abuse his discretion in denying MFCU's motion for sanctions. Entry of a party's default for failure to cooperate in discovery is a sanction of last resort that may be imposed only if the court concludes that the party's failure to cooperate was due to willfulness, bad faith, or fault. Bank One of Cleveland, NA v. Abbe, 916 F.2d 1067, 1073 (6th Cir. 1990). CUMIS attempted to comply with the May 4, 2007 Order by disclosing its electronically stored data in a "PDF" format. Notwithstanding that the "GENERAL INSTRUCTIONS" section of MFCU's 12-page "THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS" provides that "All electronically stored documents shall be produced as they are maintained in the ordinary course of business in their 'native format,' along with the intact metadata," neither the Magistrate Judge was apprised of this issue before entry of the respective May 4, 2007 and July 7, 2007 Orders. Indeed, the issue was not fully addressed until an August 14, 2007 hearing before Magistrate Judge Whalen, well before CUMIS made its initial "PDF" format disclosures in

response to the May 4, 2007 Order. Under the totality of the circumstances, Magistrate Judge Whalen did not abuse his discretion in finding that CUMIS did not fail to cooperate in providing disclosure under the May 4, 2007 Order, let alone wilfully violate the May 4, 2007 Order. The court is not left with a definite and firm conviction that Magistrate Judge Whalen erred in denying MFCU's motion for sanctions. National Hockey League, 427 U.S. at 642; Patterson, 225 F.R.D. at 205.

Magistrate Judge Whalen did not abuse his discretion in clarifying his May 4, 2007 Order as not requiring the production of electronically stored documents in "native format" along with metadata. The subject document requests involve three different application files: APEX files, Lotus Notes e-mail files, and Microsoft Office spreadsheet files. APEX is custom computer software created for CUMIS's use, unlike Lotus Notes and Microsoft Office applications that are commercially available. For MFCU to make use of "native format" APEX files containing metadata, CUMIS would first have to provide its APEX application software to MFCU. CUMIS Manager Niemisto has also attested that the APEX application does not generate metadata. Consistent with Niemisto's additional attestations that Lotus Notes generates only a small amount of metadata which, except for a "unique identifier," is viewable in PDF format, that Microsoft Office documents are, in the ordinary course of CUMIS's business kept in paper form (as already disclosed to MFCU), and that duplicating these Microsoft Office documents in "native format" with accompanying metadata would consume substantial personnel and computer resources, Magistrate Judge Whalen did not clearly abuse his discretion in ruling that the limited evidentiary value of producing "native format" documents with accompanying metadata is outweighed by the overly burdensome task of generating such documents. Emmons, 874 F.2d at 356;

<u>Patterson</u>, 225 F.R.D. at 205.

Magistrate Judge Whalen's November 16, 2007 Order is neither clearly erroneous nor contrary to law. Fed. R. Civ. P. 72(a). Accordingly, plaintiff MFCU's objections are hereby OVERRULED.

SO ORDERED.

Dated: July 22, 2008

s/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 22, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee  
Deputy Clerk