UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN FIRST CREDIT UNION,

        Plaintiff,

                                        Case No. 05-CV-74423

vs.                                 HON. GEORGE CARAM STEEH

CUMIS INSURANCE SOCIETY, INC.,
a foreign, corporation,

        Defendant.

_____/

ORDER DENYING MFCU'S MOTION IN LIMINE NO. 9 (#253) WITHOUT PREJUDICE

      Plaintiff Michigan First Credit Union (MFCU) moves in limine to bar defendant CUMIS from introducing evidence to support defenses other than CUMIS' reasons for denying MFCU's insurance benefits claim as set forth in CUMIS denial letters dated November 22, 2004, and November 1, 2005. Oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motions be resolved without oral argument.

      MFCU's motion is based on the general tenet of Michigan law that "denial of liability under an insurance policy on specified grounds constitutes a waiver of other defenses." Provident Life & Accident Ins. Co. v. Adie, 176 F.R.D. 246, 249 (E.D. Mich. 1997). "[W]hen a loss under an insurance policy has occurred and payment refused for reasons stated, good faith requires that the company shall fully apprise the insured of all of the defenses it intends to rely upon, and its failure to do so is, in legal effect, a waiver, and estops it from maintaining any defenses to an action on the policy other than those of which it has thus given notice." Id. (quoting Smith v. Grange Mut. Fire Ins. Co. Of Mich., 234 Mich. 119, 122-

23, 208 N.W. 145 (1926)).  This rule applies only to defenses to which the insurer had knowledge at the time it denied liability.  Adie, 176 F.R.D. at 249.  If a factual dispute remains as to when an insured had knowledge of a particular defense, a motion in limine on the eve of trial is not the appropriate vehicle for resolving the issue.  Id.

MFCU has not identified the date on which CUMIS knew of the affirmative defenses of failing to timely submit a complete proof of loss, failing to mitigate damages, failing to cooperate with CUMIS, exclusions under the Bond relative to costs, attorney fees, expenses, and interest, or a loss greater than "the Single Loss Limit of Liability."  As in Adie, the court finds the instant motion in limine is not the appropriate vehicle for deciding whether evidence that CUMIS may seek to admit at trial is barred because the defense proffered by CUMIS was waived *and* the evidence is not admissible for another appropriate purpose.  The court declines to issue a blanket order in limine under these circumstances. Accordingly,

MFCU's motion in limine to bar CUMIS from introducing evidence at trial to support defenses other than those given by CUMIS in its coverage denial letters is hereby DENIED, without prejudice.

SO ORDERED.

Dated:  January 5, 2009

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 5, 2009, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk