UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN FIRST CREDIT UNION,

        Plaintiff,

vs.

        Case No. 05-CV-74423
        HON. GEORGE CARAM STEEH

CUMIS INSURANCE SOCIETY, INC.,
a foreign, corporation,

        Defendant.

_____/

### ORDER GRANTING CUMIS' MOTIONS IN LIMINE NOS. 11 AND 12 TO BAR EXPERT TESTIMONY REGARDING CONTRACTUAL INTENT (#246), GRANTING MFCU'S MOTION IN LIMINE NO. 8 AS TO PENALTY INTEREST (#252), GRANTING CUMIS' MOTION IN LIMINE NO. 7 AS TO PENALTY INTEREST (#246), AND DENYING CUMIS' MOTIONS IN LIMINE NOS. 28 AND 28a AS TO PENALTY INTEREST (#246)

In this breach of contract action, defendant CUMIS moves in limine to bar plaintiff Michigan First Credit Union (MFCU) expert witnesses from offering their interpretations of the language and contractual intent of the subject $5.0 million Bond. MFCU moves in limine for a pretrial ruling on the availability of penalty interest under M.C.L. § 500.2006(1). CUMIS moves in limine to bar evidence of whether MFCU's claim was "reasonably in dispute" for purposes of awarding penalty interest under M.C.L. § 500.2006(1), to require such evidence to be submitted to the court outside the presence of the jury, and for a pretrial ruling that MFCU must show its claim was not "reasonably in dispute" to recover penalty interest under the statute. Oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motions be resolved without oral argument.

The circumstances underlying this lawsuit are set forth in greater detail in the court's

July 14, 2008 Order denying the parties' cross-motions for summary judgment as to MFCU's breach of contract claim under a $5.0 million Credit Union Bond, and demand for 12-percent penalty interest under Michigan's Uniform Trade Practices Act, M.C.L. § 500.2006(1).  <u>Michigan First Credit Union v. Cumis Ins. Society, Inc.</u>, No. 05-CV-74423, 2008 WL 2744777 (E.D. Mich. July 14, 2008).  In adjudicating the motions for summary judgment, the court construed the following Bond language:

> We [CUMIS] will pay you [MFCU] for your loss of "covered property" resulting directly from a named "employee's" "failure to faithfully perform his/her trust."
>
> \* \* \*
>
> "Failure to faithfully perform his/her trust" means acting in conscious disregard of your [MFCU's] established and enforced share, deposit, or lending policies.
>
> "Failure to faithfully perform his/her trust" does not mean:
>
> a. Negligence, mistakes, or oversights; or
> b. Acts or omissions resulting from inadequate training; or
> c. Unintentional violations of law or regulations; or
> d. Unintentional violation of your policies or procedures; or
> e. Acts or omissions known to, acquiesced in, or ratified by your Board of Directors; or
> f.  Acts of an "employee" for which you could have made claim under Employee Or Director Dishonesty Coverage.

<u>Id</u>. at \*2.  This court held as a matter of Michigan contract law that:

> . . . .  Giving the terms "conscious disregard" their plain and ordinary meaning, and giving full effect to the term "conscious" in light of the definition "failure to faithfully perform his/her trust" read as a whole, the court construes the [terms] "conscious disregard" to mean intentional disregard of MFCU's established and enforced lending policies.  . . . .
>
> \* \* \*
>
>     To prevail on their breach of contract claim, MFCU must prove <u>inter alia</u> that MFCU's alleged loss of over $5.0 million was the direct result of an MFCU employee's intentional disregard for an established and enforced MFCU lending policy.  The court notes that, even if an MFCU employee intentionally disregarded an established and enforced MFCU lending policy, MFCU may not recover for breach of contract if these intentional "[a]cts or omissions [were] known to, acquiesced in, or ratified by [MFCU's] Board of

2

>Directors," or these intentional "[a]cts or omissions result[ed] from inadequate training."

Id. at *4 (internal citations omitted).  The court declined to issue an advisory opinion on summary judgment as to whether M.C.L. § 500.2006(1) provides for penalty interest if an insurance claim is "reasonably in dispute."  Id. at *6.

I.

Expert testimony is admissible if it "will assist the trier of fact to understand the evidence or to determine a fact in issue[.]" Fed. R. Evid. 702.  Expert testimony should be excluded if it amounts to a legal conclusion.  Flanagan v. Altria Group, Inc., 423 F.Supp.2d 697, 701 (E.D. Mich. Oct. 25, 2005); Nowell v. City of Cincinnati, No. 1:03cv859, 2006 WL 2619846, *6 (S.D. Ohio Sept. 12, 2006).  "It is the function of the trial judge to determine the law of the case.  It is impermissible to delegate that function to a jury through the submission of testimony on controlling legal principals."  Nowell, 2006 WL 2619846, at *6 (quoting United States v. Zipkin, 729 F.2d 384, 387 (6th Cir. 1984)).

CUMIS' motions to bar expert witness testimony concerning whether the Bond language is ambiguous, or expert testimony as to the meaning of Bond terms including "conscious disregard," are well taken.  The court has already interpreted the unambiguous Bond language as a matter of Michigan law.  Expert testimony interpreting the contractual intent of the Bond would amount to a legal conclusion, a conclusion likely to contradict the court's determination of the law of this case.  Given the unambiguous wording of the Bond, it is the duty of this court, not the jury, to ascertain contractual intent.  Quality Products and Concepts Co. v. Nagel Precision, Inc., 469 Mich. 362, 375, 666 N.W.2d 251 (2003) (citing Farm Bureau Mut. Ins. Co. of Michigan v. Nikkel, 460 Mich. 558, 570, 596 N.W.2d 915 (1999)); Port Huron Ed. Ass'n v. Port Huron Area School Dist., 452 Mich. 309, 323, 550 N.W.2d 228 (1996) (citing Dykema v. Muskegon Piston Ring Co., 348 Mich. 129, 138, 82

3

N.W.2d 467 (1957)). CUMIS' motions in limine to bar expert witnesses (including their own) from offering contractual interpretations of the Bond will be granted.

II.

M.C.L. § 500.2006 provides in pertinent part:

(1) A person must pay on a timely basis to its insured, an individual or entity directly entitled to benefits under its insured's contract of insurance, or a third party tort claimant the benefits provided under the terms of its policy, or, in the alternative, the person must pay to its insured, an individual or entity directly entitled to benefits under its insured's contract of insurance, or a third party tort claimant 12% interest, as provided in subsection (4), on claims not paid on a timely basis. Failure to pay claims on a timely basis or to pay interest on claims as provided in subsection (4) is an unfair trade practice unless the claim is reasonably in dispute.

\* \* \*

(4) If benefits are not paid on a timely basis the benefits paid shall bear simple interest from a date 60 days after satisfactory proof of loss was received by the insurer at the rate of 12% per annum, if the claimant is the insured or an individual or entity directly entitled to benefits under the insured's contract of insurance. If the claimant is a third party tort claimant, then the benefits paid shall bear interest from a date 60 days after satisfactory proof of loss was received by the insurer at the rate of 12% per annum if the liability of the insurer for the claim is not reasonably in dispute, the insurer has refused payment in bad faith and the bad faith was determined by a court of law. The interest shall be paid in addition to and at the time of payment of the loss. If the loss exceeds the limits of insurance coverage available, interest shall be payable based upon the limits of insurance coverage rather than the amount of the loss. If payment is offered by the insurer but is rejected by the claimant, and the claimant does not subsequently recover an amount in excess of the amount offered, interest is not due. Interest paid pursuant to this section shall be offset by any award of interest that is payable by the insurer pursuant to the award.

M.C.L. § 500.2006(1), (4). Whether prejudgment interest is available is decided by this court under Michigan law. See Rhea v. Massey-Ferguson, 767 F.3d 266, 270 (6th Cir. 1985).

The Michigan Court of Appeals has construed the statutory language of M.C.L. § 500.2006 and held that "a first-party insured is entitled to 12 percent penalty interest if a claim is not timely paid, irrespective of whether the claim is reasonably in dispute."

4

Griswold Properties, L.L.C. v. Lexington Ins. Co., 276 Mich. App. 551, 554, 741 N.W.2d 549 (2007), app. denied, 480 Mich. 1044 (2008).

> The "reasonably in dispute" language is found only in the second sentence, which expressly applies to third-party tort claimants. . . . . The first sentence of MCL 500.2006(4) speaks specifically to claims filed by first-party insureds, and the Legislature's omission of the "reasonably in dispute" language from that sentence must be construed as intentional.

Id. at 566.

CUMIS has failed to proffer convincing argument or precedent to displace the recent holding in Griswold Properties; as a first-party insured, MFCU if is entitled to 12 percent penalty interest if its claims were not timely paid, irrespective of whether the claims were "reasonably in dispute." Griswold Properties, 276 Mich. App. at 554. The court makes no ruling at this time whether MFCU's claims were timely paid within 60 days after CUMIS received satisfactory proof of loss. See M.C.L. § 500.2006(4).

MFCU's motion in limine for a pretrial ruling that penalty interest is available under M.C.L. § 500.2006(1) irrespective of whether MFCU's claims were reasonably in dispute will be granted. CUMIS' motion in limine to bar evidence going to the issue of whether MFCU's claim was "reasonably in dispute" for purposes of M.C.L. § 500.2006(1) will be granted because such evidence is irrelevant. CUMIS' motion in limine to require such evidence to be submitted to the court outside the presence of the jury will likewise be denied for lack of relevancy. CUMIS' motion in limine for a pretrial ruling that MFCU must prove its claims were not "reasonably in dispute" to recover penalty interest under M.C.L. § 500.2006(1) will be denied.

### III.

For the reasons set forth above, CUMIS' motion in limine to bar MFCU expert witnesses from offering contractual interpretations of the Bond and its language is hereby GRANTED. MFCU's motion in limine for a pretrial ruling that MFCU is entitled to penalty

interest under M.C.L. § 500.2006(1) irrespective of whether its claims were "reasonably in dispute" is hereby GRANTED.  CUMIS' motion in limine to bar the admission of evidence going to the issue of whether MFCU's claims were "reasonably in dispute" is hereby GRANTED, as such evidence is irrelevant to the jury.  CUMIS' motion in limine to require evidence going to the issue of whether MFCU's claims were "reasonably in dispute" be submitted to the court outside the presence of the jury is hereby DENIED, as such evidence is irrelevant to the court.  CUMIS' motion in limine for a pretrial ruling that MFCU must prove that its claims were not "reasonably in dispute" to recover penalty interest under M.C.L. § 500.2006 is hereby DENIED.

SO ORDERED.

Dated:  January 5, 2009

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 5, 2009, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk