UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN FIRST CREDIT UNION,

      Plaintiff,

vs.

Case No. 05-CV-74423
HON. GEORGE CARAM STEEH

CUMIS INSURANCE SOCIETY, INC.,
a foreign, corporation,

      Defendant.

_____/

ORDER ADJUDICATING CUMIS' MOTIONS IN LIMINE
NOS. 2, 3, 4, 5, 6, 8, 9, 10, 15, 16, 17, 23, 24, AND 31 (#246)

For the reasons stated on the record at a January 5, 2009 hearing,

CUMIS' motion in limine No. 2 to bar more than one MFCU expert from testifying that losses resulted from disregard for MFCU lending policies is hereby GRANTED, IN PART, to the extent MFCU agreed not to call Hoag as an expert witness. The remainder of the motion is hereby DENIED, without prejudice.

CUMIS' motion in limine No. 3 to bar MFCU expert Lenz from testifying that losses resulted from disregard for MFCU lending policies is hereby GRANTED, IN PART, to the extent Lenz offers expert opinion testimony. The remainder of the motion is hereby DENIED to the extent Lenz offers fact testimony.

CUMIS' motion in limine No. 4. to bar Lenz's work papers is hereby GRANTED, IN PART, to the extent the papers are offered to support expert testimony.

CUMIS' motion in limine No. 5 to bar MFCU experts Hoag, Johnson, and Yarber from testifying on the issue of "indirect lending policies" is hereby GRANTED to the extent MFCU agreed on the record not to call Hoag or Johnson as expert witnesses on this issue.

CUMIS' motion in limine No. 6 to bar evidence of Hillary Clemens' romantic relationship with Michael Lewis is hereby DENIED.

CUMIS' motion in limine No. 8 to bar CUMIS risk management analysis reports is DENIED, without prejudice.

CUMIS' motion in limine No. 9 to bar all witnesses from remaining in the courtroom during trial is hereby DENIED, IN PART, to the extent MFCU experts may remain in the courtroom to hear subsequent expert testimony.  Expert Yarber may not remain in the courtroom while Expert Johnson testifies.

CUMIS' motion in limine No. 10 to bar the introduction of evidence or argument that CUMIS threatened the "bondability" of Michael Lewis, Joyce Clouthier, or Kathleen Batton is hereby DENIED, without prejudice.

CUMIS' motion in limine No. 15 to bar evidence of any lending policy other that the July 2003 Lending Policy approved by the Board is hereby GRANTED as MOOT to the extent MFCU agreed on the record not to introduce such evidence.

CUMIS' motion in limine No. 16 to bar evidence regarding CUMIS' "changed approach and philosophy to decisioning and litigating loans" is hereby GRANTED, IN PART, to the limited extent set forth on the record.

CUMIS' motion in limine No. 17 to bar evidence of marketing materials used to sell CUMIS bonds is hereby GRANTED.

CUMIS' motion in limine No. 23 to bar MFCU from proffering any witnesses or exhibits not previously disclosed is hereby GRANTED, consistent with the parties agreement as stated on the record.

CUMIS' motion in limine No. 24 to bar the parties from making reference to the size or geographic locations of the law firms is hereby GRANTED, consistent with the parties agreement as stated on the record.

CUMIS' motion in limine No. 31 to bar MFCU from proffering expert opinions whether Lewis, Clouthier, or Batton "consciously disregarded" or intentionally disregarded MFCU loan policies is hereby GRANTED. MFCU may move to introduce such evidence at trial outside the presence of the jury.

SO ORDERED.

Dated:  January 6, 2009

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 6, 2009, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

3