UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN FIRST CREDIT UNION,

        Plaintiff,

vs.

Case No. 05-CV-74423
HON. GEORGE CARAM STEEH

CUMIS INSURANCE SOCIETY, INC.,
a foreign, corporation,

        Defendant.

_____/

### ORDER DENYING OFIR'S MOTION TO QUASH THE SUBPOENA ON OFIR EXAMINER KRUEGER (#287)

Intervenor plaintiff Office of Financial and Insurance Regulation (OFIR) moves to quash a subpoena served by plaintiff Michigan First Credit Union (MFCU) upon OFIR examiner Robert Krueger to appear at trial. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

OFIR argues the court should quash the subpoena under Federal Rule of Civil Procedure 45(c)(3)(A)(iii) to protect against the disclosure of matters protected by the deliberative process privilege articulated in Ostoin v. Waterford Twp. Police Dept., 189 Mich. App. 334, 471 N.W.2d 666 (1991). OFIR also argues the subpoena should be quashed because MFCU has not previously listed Krueger as a possible witness.

As the court explained in a prior ruling:

> Ostoin recognizes a deliberative-process privilege in Michigan which traces its origin to federal law outlining a privilege for "'confidential interagency advisory opinions,' based on a policy of 'open and frank discussion' concerning governmental action." Ostoin, 189 Mich. App. at 337 (quoting Kaiser Aluminum & Chemical Corp. v. United States, 157 F. Supp. 939, 946 (Ct.Cl. 1958)). "The purpose of the deliberative-process privilege is to foster freedom of expression *among* governmental employees involved in decision making and policy formulation." Ostoin, 189 Mich. App. at 338 (emphasis added). In Ostoin, the Michigan Court of Appeals applied the deliberative-process privilege to the defendant police department's internal affairs investigation file and the evaluative findings of the investigators. Id.

at 338.

> . . . . [T]he OFIS Reports and Replies are not documents internal to the OFIS used to express opinions and evaluations among OFIS personnel regarding OFIS policy or contemplated action. OFIS Reports are issued to private credit unions such as MFCU. Replies are generated by the private credit unions themselves. The MCUA permits dissemination of OFIS Reports by private credit unions for legitimate business purposes. M.C.L. § 490.207(8). In that the OFIS Reports and MFCU Replies are not interagency opinions or deliberations of the OFIS as among OFIS employees, the court is convinced that the Michigan Supreme Court would find that OFIS Reports and credit union Replies are not subject to the deliberative-process privilege. Combs [v. International Ins. Co., 354 F.3d 568, 577 (6th Cir. 2004)]. The court has found no Michigan authority holding that the deliberative-process privilege applies to agency reports that are provided to private entities.

March 14, 2007 Order, at 7-8. OFIR's argument that *any* testimony offered by Krueger would be subject to a deliberative process privilege is unconvincing.

OFIR's argument that Krueger was not previously disclosed by MFCU as a possible witness is also unavailing. As an intervening plaintiff, OFIR has not articulated a basis for standing to argue that CUMIS will suffer undue prejudice if Krueger is permitted to testify. Although he is not expressly listed by name as a potential witness, the parties have been on notice throughout these proceedings that MFCU would be seeking the testimony of an OFIR examiner to challenge the reliability of OFIR Reports. Consistent with the history of this case and the court's ruling that the OFIR Reports are admissible at trial, no undue prejudice will result from permitting OFIR examiner Krueger to testify at trial.

OFIR's motion to quash is hereby DENIED.

SO ORDERED.

Dated: January 7, 2009

                                            s/George Caram Steeh
                                            GEORGE CARAM STEEH
                                            UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 7, 2009, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk