UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN FIRST CREDIT UNION,

    Plaintiff,

vs.

    Case No. 05-CV-74423
    HON. GEORGE CARAM STEEH

CUMIS INSURANCE SOCIETY INC.,

    Defendant.

_____/

ORDER GRANTING IN PART CUMIS' MOTION
FOR AMENDMENT OF JUDGMENT (# 295)

Michigan First Credit Union ("MFCU") sued CUMIS Insurance Society, Inc. ("CUMIS") for breach of a $5.0 million bond for CUMIS' refusal to cover loan losses allegedly caused by three MFCU employees' conscious disregard of MFCU's Indirect Lending Policy. On January 22, 2009, a jury returned a $5.0 million verdict in favor of MFCU. The court entered judgment on January 22, 2009 for $5,050,000.00[1] "with interest at the rate provided by law." On February 4, 2009, CUMIS moved for entry of judgment as a matter of law, for a new trial, and for amendment of the Judgment to provide a specific interest amount owing as of the date of the Judgment. On June 6, 2009, the court denied CUMIS' motions for entry of judgment as a matter of law and for a new trial. In denying without prejudice CUMIS's motion to amend the Judgement, the court reaffirmed its prior rulings that MFCU was entitled to penalty interest under M.C.L. § 500.2006 irrespective of

---

[1] The additional $50,000.00 represented audit expenses owing under the Bond.

whether MFCU's claim for coverage was reasonably in dispute, held that the issue of prejudgment interest is a matter of Michigan law, and ruled that any penalty interest awarded to MFCU under M.C.L. § 500.2006 shall be offset by any other interest payable by CUMIS.  June 15, 2009 Order, at 15-17.

The court also found that two issues raised by the parties required further briefing: (1) when does the penalty interest begin to accrue (60 days after the initial "proof of loss," or after each individual "loss/loan charge-off date"); and (2) when does interest stop accruing (at the time of judgment, or until payment is made).  Id at 16-17.  The parties were instructed "to file additional briefing containing detailed competing interest calculations." Id. at 17.  The June 15, 2009 Order further provided:

> The Court notes that MFCU previously filed an interest calculation (Docket # 300), however, this calculation did not appropriately offset penalty interest by other interest awarded . . . .  The parties' interest calculations should <u>specifically</u> <u>state</u> (i.e. give the Court a dollar amount, not simply a framework for how to calculate an amount) the amount of interest they believe is appropriate, the reasoning behind their calculation and citations to any applicable case law in support of their calculation.  The parties' interest calculations should not attempt to reargue issues previously ruled upon by the Court.
>
> The Court also notes that the parties entered an "Agreed Stipulation" (Docket # 311) on March 20, 2009, whereby CUMIS tendered a check to MFCU in the amount of $7,930,684.07.  This check was accompanied by a cover letter, which stated, among other things: "CUMIS tenders this check to stop the running of any and all interest due to MFCU as of the date of this letter."  MFCU disagreed that the tender of CUMIS's check would have that stated effect and, for that reason, rejected the tender.  As part of the supplemental briefing discussed above, the parties are further instructed to: (1) inform the Court as to how the parties calculated interest for purposes of the March 20, 2009 Agreed Stipulation; and (2) present their arguments as to what effect, if any, the Agreed Stipulation should have on the Court's ultimate interest award.

June 15, 2009 Order, at 17-18 (emphasis in original).  CUMIS filed its supplemental brief

on June 29, 2009.  MFCU filed its supplemental brief on July 6, 2009.  By leave of court, CUMIS filed a reply brief on July 16, 2009.

In diversity cases such as this, state law governs the award of prejudgment interest, while federal law controls postjudgment interest.  FDIC v. First Heights Bank, FSB, 229 F.3d 528, 542 (6th Cir. 2000).  M.C.L. § 500.2006(4) provides for an award of prejudgment interest:

> If benefits are not paid on a timely basis the benefits paid shall bear simple interest from a date 60 days after satisfactory proof of loss was received by the insurer at the rate of 12% per annum, if the claimant is the insured or an individual or entity directly entitled to benefits under the insured's contract of insurance. . . . .

An insurer's failure to specify in writing what constitutes "a satisfactory proof of loss" no later than 30 days after receipt of an insurance claim excuses the "proof of loss" requirement of M.C.L. § 500.2006(4).  Medley v. Canady, 126 Mich. App. 739, 744-45, 337 N.W.2d 909 (1983) (citing M.C.L. § 500.2006(3)).  An insurance claim includes a demand for payment from an insured of which the insurer received notice.  Id (finding that filing of a lawsuit against an insurer demanding payment constituted a claim triggering liability for prejudgment interest where insurer failed to specify in writing the materials which constituted satisfactory proof of loss).

It is undisputed that MFCU provided CUMIS with a "proof of loss" claim on May 7, 2004 relative to the Bond and MFCU's Indirect Lending Program.  CUMIS does not argue that the May 7, 2004 "proof of loss" failed to comply with CUMIS's written definition of an acceptable "proof of loss," or that the "proof of loss" did not include a claim for payment.  CUMIS instead argues that the accrual date for 12% prejudgment interest under M.C.L. § 500.2006(4) is 60 days after satisfactory proof of actual loss, here being 60 days after each

individual indirect loan was charged-off as a loss on MFCU's accounting records.

An insured's inability to assess or estimate its loss at the time it provides notice of a claim to the insurer "does not mean that the notice was not a 'proof of loss' as contemplated by the penalty interest statute." Stryker Corp. v. XL Ins. America, Inc., No. 4:01-CV-157, 2008 WL 5235886, *6 (W.D. Mich. Dec. 15, 2008). Similar to filing a complaint, an insured need not know the extent of its losses before filing a "sufficient proof of loss." Medley, 126 Mich. App. at 744-45. MFCU's inability on May 7, 2004 to assess its total losses from the Indirect Lending Program did not disqualify the claim from constituting a "satisfactory proof of loss" for purposes of M.C.L. § 500.2006(4). Id. The plain wording of the statute refers to "a date 60 days after satisfactory proof of loss," not 60 days after actual loss. M.C.L. § 500.2006(4). In Stryker Corp, the insured "could not be dilatory in evaluating or providing benefits on claims of which it had not yet received notice and for which there was 'no proof of loss.'" Stryker Corp., 2008 WL 5235886 at *7. Here, CUMIS received notice and a "proof of loss" claim on May 7, 2004. Stryker Corp does not support CUMIS's position that the accrual date for purposes of M.C.L. § 500.2006(4) was 60 days after MFCU wrote-off each individual loan from its accounting records as a loss. The court finds that 12 % penalty interest began to accrue 60 days after CUMIS received the "proof of loss" on May 7, 2004, or on July 6, 2004.

Judgment entered on January 22, 2009 for $5,050,000.00 "with interest at the rate provided by law." MFCU does not dispute that the 12% penalty interest is not applicable to the $50,000.00 representing audit expenses. MFCU's argument that penalty interest should be held to continue to accrue through March 20, 2009 when CUMIS first tendered payment is not persuasive. Under Michigan law, M.C.L. § 500.2006(4) provides for

4

*prejudgment* interest, with the purpose of punishing the insurer for its dilatory action. Stryker Corp., 2008 WL 5235886 at *7. CUMIS timely moved for postjudgment relief, including amendment of the Judgment to include a specific interest calculation. The prejudgment interest statute's silence as to when interest ceases to accrue does not support a conclusion that *prejudgment* interest continues to accrue after judgment enters, as it did here on January 22, 2009. CUMIS' postjudgment motion was not frivolous, did not provide CUMIS with an unjustified benefit, did not deprive MFCU of compensation for loss of use of its money (an award of prejudgment interest under M.C.L. § 500.2006(4) is punitive, not compensatory), and the Judgment itself was final on entry. There is no reasonable basis for punishing CUMIS for filing its timely, non-frivolous, postjudgment motion by awarding prejudgment interest beyond entry of the January 22, 2009 Judgment. The court finds that MFCU is entitled to 12% prejudgement interest on $5,000,000.00 from July 6, 2004 to entry of judgment on January 22, 2009, being "interest at the rate provided by law." The prejudgment interest owing as of January 22, 2009 equals $2,730,415.00.[2] The court will enter an Amended Judgment nunc pro tunc to January 22, 2009 of $5,050,000.00 and $2,730,415.00 in prejudgment interest, for a total judgment amount of $7,780,415.00.

Federal law controls postjudgment interest. FDIC, 229 F.3d at 542. Consequently, MFCU's arguments to apply the 12% interest rate of M.C.L. § 500.2006(4) as the *postjudgment* interest are not well taken. MFCU does not advance evidence to support a finding that the parties agreed to a postjudgment interest rate other than that provided for

---

[2] $5,050,000 * .12/year * 1,661 days * 1 year/365 days = $2,730,415.00.

under 28 U.S.C. § 1961(a). Postjudgment interest accrues "until the date of payment." 28 U.S.C. § 1961(b). MFCU does not dispute that the federal postjudgment interest rate is .43 % compounded annually.

CUMIS tendered a check to MFCU for $7,930,684.07 on February 20, 2009. March 20, 2009 Agreed Stipulation.

> 1. . . . . The check was accompanied by a letter which stated, among other things: "CUMIS tenders the check to stop the running of any and all interest due to MFCU as of the date of this letter." MFCU disagreed that the tender of CUMIS' check would have the stated effect, and for that reason, rejected the tender.
>
> 2. The parties now agree to tender and acceptance of the payment described above, subject to the following reservations of rights:
>
> 3. **CUMIS' reservation.** CUMIS' tender is not an admission of liability, an offer of settlement or a release or waiver of any of CUMIS' rights . . . .
>
> 4. **MFCU's reservation.** MFCU's acceptance and deposit of the check is not a waiver of any of MFCU's rights. MFCU contends that CUMIS owes it amounts in excess of $7,930,684.07. . . . .

Id. MFCU was not required by law to accept CUMIS' February 20, 2009 tendering of the $7,930,684.07 check on condition that "any and all interest due to MFCU" would "stop," thereby waiving MFCU's right to contest "that CUMIS owes it amounts in excess of $7,930,684.07." The court finds that the date of payment for purposes of 28 U.S.C. § 1961(b) was March 20, 2009, not February 20, 2009 as contended by CUMIS.

The court has previously ruled under Michigan law that any penalty interest awarded under M.C.L. § 500.2006(4) shall be offset by any award of interest payable by the insurer pursuant to that award. June 15, 2009 Order, at 17. Accordingly, postjudgment interest on the award of $2,730,415.00 in prejudgment interest is offset by an equal amount, that is, MFCU is not entitled to additional monies as postjudgment interest on the $2,730,415.00

penalty interest award. MFCU was entitled to $ 3,391.08 in postjudgment interest as of March 20, 2009[3].

Summing the amended judgment amount of $7,780,415.00 and postjudgment interest of $ 3,391.08, MFCU was entitled to recover $7,783,806.08 as of March 20, 2009. The court also awarded MFCU taxable costs of $35,699.08 on June 15, 2009. Total liability is therefore $7,819,505.16. The March 20, 2009 payment of $7,930,684.07 exceeds CUMIS' liability to MFCU by $111,178.91.

For the reasons set forth above, CUMIS' motion to amend the January 22, 2009 is hereby GRANTED, IN PART, to the extent that the court hereby enters a separate AMENDED JUDGMENT of even date, NUNC PRO TUNC to January 22, 2009 in the amounts of $5,050,000.00, and $2,730,415.00 in prejudgment interest, for a total judgment of $7,780,415.00. Pursuant to this calculation of monies owing from CUMIS to MFCU, MFCU is hereby ORDERED to remit the overpayment of $111,178.91 to CUMIS within 10 days of entry of this Order.

SO ORDERED.

Dated: July 27, 2009

                                                      s/George Caram Steeh
                                                      GEORGE CARAM STEEH
                                                      UNITED STATES DISTRICT JUDGE

---

[3] $5,050,000 * .0043/year * 57 days (from January 21, 2009 through March 19, 2009) days * 1 year/365 days = $3,391.08.

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 27, 2009, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk