UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN FIRST CREDIT UNION,

        Plaintiff,

                                                                   Case No. 05-CV-74423
vs.                                                   HON. GEORGE CARAM STEEH

CUMIS INSURANCE SOCIETY INC.,

        Defendant.

_____/

ORDER DENYING MFCU'S MOTION FOR RECONSIDERATION (# 325)

       Plaintiff Michigan First Credit Union ("MFCU") moves for reconsideration of this court's July 27, 2009 Order Granting In Part defendant CUMIS Insurance Society, Inc.'s motion for amendment of judgment arguing the court erred by denying pre-judgment penalty interest on $50,000.00 of the judgment representing the necessary and reasonable expenses MFCU paid for a special audit of its records on finding the parties agreed that prejudgment interest should not apply to these expenses, by entering its amended judgment nunc pro tunc to the date of the original January 22, 2009 judgment, by ordering MFCU to remit $111,178.91 to CUMIS, and by refusing to stay payment of the $111,178.91.

       Generally, and without restricting the court's discretion, the court will not grant a motion for reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been mislead but also show that

correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3).

While the court inaccurately stated that the parties agreed that prejudgment interest should not be applied to the $50,000.00 representing the special audit expenses payable under the Bond, MFCU has failed to demonstrate it is entitled to prejudgment interest under M.C.L. § 500.2006(4) on correction of the error. MFCU has not proffered evidence of when it filed a proof of loss under the Bond's "Audit Expense" coverage for these audit expenses. The proof of loss filed under the Bond's separate "Faithful Performance-Enhanced" coverage, warranting accrual of prejudgment interest on the $5,000,000.00 jury verdict for covered losses under the MFCU Indirect Lending Program, did not trigger pre-judgment interest on the $50,000.00 audit expense included in the judgment post-verdict. The court did not palpably err by entering its amended judgment nunc pro tunc. This argument merely presents the same issues ruled upon by the court. MFCU has also failed to demonstrate that the court palpably erred by ordering MFCU to remit $111,178.91 to CUMIS, and not entering a stay of that order.

MFCU has failed to demonstrate a palpable error warranting a different disposition of the court's July 27, 2009 Order or July 27, 2009 Amended Judgment. Accordingly, MFCU's motion for reconsideration is hereby DENIED.

SO ORDERED.

Dated: August 17, 2009

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 17, 2009, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk